```
DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov

Attorney for Plaintiff
Securities and Exchange Commission
Michele W. Layne, Co-Acting Regional Director
John M. McCoy III, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile:  (323) 965-3908
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MOHAMMED MARK AMIN, ROBERT REZA AMIN, MICHAEL MAHMOOD AMIN, SAM SAEED PIRNAZAR, MARY TERESA COLEY, AND ALI TASHAKORI,<br><br>Defendants. | Case No. CV12-3960 MWF (ANx)<br><br>[PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS MOHAMMED MARK AMIN, ROBERT REZA AMIN, MICHAEL MAHMOOD AMIN, SAM SAEED PIRNAZAR, MARY TERESA COLEY, AND ALI TASHAKORI |

Plaintiff Securities and Exchange Commission having filed a Complaint and Defendants Mohammad Mark Amin ("Mark"), Robert Reza Amin ("Reza"), Michael Mahmood Amin ("Michael"), Sam Saeed Pirnazar ("Pirnazar"), Mary Teresa Coley ("Coley"), and Ali Tashakori ("Tashakori") (collectively, "Defendants") having entered general appearances; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

///

///

## II.

IT IS HEREBY FURTHER ORDERED that: (a) Mark is liable, jointly and severally with Reza, Michael, Pirnazar, Coley, and Tashakori, for disgorgement of $618,497, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $78,000, for a total of $696,497; (b) Reza is liable, jointly and severally with Coley and Tashakori, for disgorgement of $279,936, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $35,303, for a total of $315,239; (c) Michael is liable for disgorgement of $318,646, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $40,185, for a total of $358,831; (d) Pirnazar is liable for disgorgement of $19,915, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,512, for a total of $22,427; (e) Coley is liable for disgorgement of $23,690, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,988, for a total of $26,678; and (f) Tashakori is liable for disgorgement of $14,479, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,826, for a total of $16,305. Defendants shall satisfy these obligations by paying the above amounts to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payments electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payments may also be made directly from a bank account or by credit or debit card via pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States

postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the remitter as a defendant in this action; setting forth the case title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United Stated Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

IT IS FURTHER ORDERED that, pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3): (a) Mark shall pay a civil penalty in the amount of $618,497; (b) Reza shall pay a civil penalty in the amount of $241,767; (c) Michael shall pay a civil penalty in the amount of $318,646; (d) Pirnazar shall pay a civil penalty in the amount of $19,915; (e) Coley shall pay a civil penalty in the amount of $23,690; and (f) Tashakori shall pay a civil penalty in the amount of

$14,479. Defendants shall make these payments within 14 days after entry of this Final Judgment.

Defendants may transmit payments electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payments may also be made directly from a bank account or by credit or debit card via pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the remitter as a defendant in this action; setting forth the case title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.

### IV.

IT IS FURTHER ORDERED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), defendant Mark is prohibited, for ten years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

### V.

IT IS FURTHER ORDERED that the Consent of Defendants Mohammad Mark Amin, Robert Reza Amin, Michael Mahmood Amin, Sam Saeed Pirnazar, Mary Teresa Coley, and Ali Tashakori to Entry of Final Judgment are incorporated herein with the same force and effect as if fully set forth herein, and that

Defendants shall comply with all of the undertakings and agreements set forth therein.

### VI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: __6/1__, 2012    _____

UNITED STATES DISTRICT JUDGE